

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**December 12, 2018 12:01**

By: STEPHAN I. VOUDRIS 0055795

Confirmation Nbr. 1573425

KEITH MOORE                                          CV 18 908284

    vs.

CHN HOUSING PARTNERS                                 **Judge:** BRIAN J. CORRIGAN

**Pages Filed:** 7

EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **KEITH MOORE**<br>16096 Forest Hills Blvd.<br>East Cleveland, OH 44112<br><br>      Plaintiff,<br><br>v.<br><br>**CHN HOUSING PARTNERS**<br>2999 Payne Ave.<br>Cleveland, OH 44114<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  **COMPLAINT FOR OVERTIME**<br>)  **WAGES, WHISTLEBLOWING**<br>)  **RETALIATION, WRONGFUL**<br>)  **DISCHARGE IN VIOLATION**<br>)  **OF PUBLIC POLICY, RACE**<br>)  **DISCRIMINATION AND NEGLIGENCE**<br>)<br>)  <u>**JURY DEMAND ENDORSED HEREON**</u> |

Plaintiff Keith Moore ("Plaintiff") alleges as follows for his Complaint against Defendant CHN Housing Partners ("Defendant"):

1. Plaintiff is an African-American who worked for Defendant in Cuyahoga County, Ohio.

2. Defendant is an Ohio non-profit corporation.

3. Defendant was formerly known as Cleveland Housing Network, Inc.

4. Defendant's revenues exceed $500,000 per annum.

5. Defendant is an enterprise engaging in interstate commerce.

6. Defendant classified Plaintiff as exempt under the Fair Labor Standards Act during his entire employment for Defendant.

7. Plaintiff, however, was in actuality a non-exempt employee under the Fair Labor Standards Act during periods of time when he did not supervise the equivalent of two full time employees.

8. Plaintiff did not receive any overtime wages from Defendant or any wages for hours worked over 40 in a week, even when he was a non-exempt employee.

9. While working for Defendant, Plaintiff complained verbally and in writing about workplace safety issues such as drug dealers being on the property, lack of armed security guards, lack of adequate security cameras, and vandalism.

10. Defendant would provide an armed security guard for Caucasian employees but failed to provide Plaintiff (who is African-American) an armed security guard.

11. Plaintiff also complained verbally and in writing about an independent contractor stealing materials from Defendant (the "Independent Contractor").

12. The Independent Contractor is related to Plaintiff's supervisor.

13. After Plaintiff's complaints, Defendant began retaliating against Plaintiff (for example by giving him unjust poor reviews and falsely accusing him of being violent) and eventually terminated Plaintiff because of his complaints about workplace safety and in retaliation of his whistleblowing.

14. Defendant is continuing to retaliate against Plaintiff with regard to the work that he is doing for his new employer.

15. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

16. Venue is proper in Cuyahoga County, Ohio.

17. Plaintiff has suffered damages in excess of $50,000.

18. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if Plaintiff is successful on the claims set forth herein.

19. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

## COUNT I
## UNPAID OVERTIME

20. Plaintiff re-alleges each allegation set forth in paragraphs 1-19 above.

21. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

22. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff overtime wages for all hours worked over a regular 40-hour workweek.

23. Defendant's conduct with regard to not paying overtime wages to Plaintiff was willful.

24. Plaintiff has been damaged by Defendant's nonpayment of overtime wages.

25. Plaintiff is entitled to liquidated damages under the Fair Labor Standards Act.

26. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

## COUNT II
## WHISTLEBLOWING RETALIATION

27. Plaintiff re-alleges each allegation set forth in paragraphs 1-26 above.

28. While working for Defendant, Plaintiff became aware of violations that he reasonably believed were criminal offenses that were a felony or were likely to cause a hazard to public health or safety.

29. Plaintiff orally notified Defendant of the violations, and subsequently sent Defendant a written notice that provided sufficient detail to identify and describe the violations.

30. Plaintiff engaged in protected activity under Ohio Revised Code Section 4113.52.

31. Plaintiff suffered adverse employment actions by Defendant.

32. There is a causal connection between Plaintiff's protected activity and Defendant's adverse employment actions.

33. Plaintiff suffered damages due to Defendant's conduct.

34. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4113.52.

## COUNT III
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

35. Plaintiff realleges each allegation set forth in paragraphs 1-34 above.

36. Plaintiff was an employee-at-will of Defendant.

37. A clear public policy exists prohibiting unsafe work conditions in Ohio Revised Code Sections 4101.11 and 4101.12 and Section 34 of Article II of the Ohio Constitution.

38. Permitting Plaintiff's termination places in jeopardy the clear public policy set forth in Ohio Revised Code Sections 4101.11 and 4101.12 and Section 34 of Article II of the Ohio Constitution.

39. Defendant's termination of Plaintiff was related to the public policy set forth in Ohio Revised Code Sections 4101.11 and 4101.12 and Section 34 of Article II of the Ohio Constitution.

40. Defendant lacked an overriding business justification for the discharge of Plaintiff.

41. Plaintiff has been damaged by Defendant's wrongful discharge.

42. Defendant's wrongful discharge is the cause of Plaintiff's damages.

43. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT IV
## RACE DISCRIMINATION

44. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 43 above.

45. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Plaintiff because of his African-American race by not providing an armed security guard at his place of employment.

46. Plaintiff is a member of a protected class.

47. Plaintiff was qualified for his job.

48. Plaintiff suffered adverse employment actions when Defendant refused to supply an armed security guard.

49. Plaintiff has been damaged by Defendant's race discrimination.

50. Defendant's conduct is the cause of Plaintiff's damages.

51. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT V
## NEGLIGENT TRAINING, RETENTION AND SUPERVISION

52. Plaintiff realleges each allegation set forth in paragraphs 1-51 above.

53. Defendant had a duty to use ordinary care in training, retaining, and supervising Idell Logan.

54. Defendant breached its duty to use ordinary care in training, retaining, and supervising Idell Logan.

55. Plaintiff has been damaged by Defendant's failure to use due care.

56. Plaintiff's damages were foreseeable.

57. Defendant's conduct is the proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendant for his unpaid overtime wages, liquidated damages, lost wages and fringe benefits, reinstatement or front pay, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

<u>/s/ Stephan I. Voudris</u>
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
440-543-0670
440-543-0721 (fax)

*Counsel for Plaintiff*

Keith Moore agrees and consents to become a party plaintiff in this lawsuit.

_____ 12/4/18

**EXHIBIT A**

Electronically Filed 12/12/2018 12:01 / / CV 18 908284 / Confirmation Nbr. 1573425 / CLSK1